# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 19-50544
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL ROSARIO-LOPEZ, also known as Yayo,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1211-23

—————

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Manuel Rosario-Perez pleaded guilty to participating in a conspiracy to conduct a criminal enterprise through racketeering, a violation of 18 U.S.C. § 1962(d). The district court denied his motion to withdraw his guilty plea and sentenced him to 235 months in prison. Rosario-Perez argues that he should have been allowed to withdraw his plea, and that the district court lacked

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50544

jurisdiction in light of the federal Juvenile Delinquency Act (JDA), 18 U.S.C. §§ 5031-5043, because he was younger than 18 during the conspiracy.

The argument for withdrawing the plea fails under the totality of factors recognized in *United States v. Carr*, 740 F.2d 339, 343-45 (5th Cir. 1984). Rosario-Perez's assertion of actual innocence was limited to one of the acts recounted in the factual basis, and he explicitly admitted his guilt in the factual basis and at rearraignment. In addition, he had close assistance of counsel at all times, and his plea was knowing and voluntary, as the district court meticulously ascertained at rearraignment. *See id.* at 344-45.

Rosario-Perez's jurisdictional claim based on the JDA fails because he had reached the age of 21 prior to being indicted. *See United States v. Guerrero*, 768 F.3d 351, 361 (5th Cir. 2014); *United States v. Jimenez*, 256 F.3d 330, 345 & n.19 (5th Cir. 2001) (collecting cases). Further, his argument about the reduced culpability of minors fails to show any constitutional infirmity in denying JDA protection due to the defendant's age at indictment. *See United States v. Bilbo*, 19 F.3d 912, 915 (5th Cir. 1994) (noting that the JDA's main purpose is to encourage rehabilitation and to shield juveniles from adult criminal processes); *see also United States v. Lopez*, 860 F.3d 201, 210 (4th Cir. 2017).

The judgment is **AFFIRMED**.